UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hakeem Jabbar-El, | ) C/A: 2:14-1789-SB-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Dana Tumbleston, Human Resources Manager, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This is a civil action filed by the Plaintiff, proceeding pro se. In an Order entered July 15, 2014, Plaintiff was given twenty-one (21) days to bring his Complaint into proper form by fully completing the Form AO 240 (Application to Proceed Without Prepayment of Fees and Affidavit) or paying the filing fee, completing a Form USM-285 for Defendant, and submitting fully completed pro se party's answers to Rule 26.01 interrogatories. Plaintiff was specifically admonished that if he failed to provide the items specified within the period prescribed in the order, the case might be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure. More than twenty-one (21) days have passed and Plaintiff has failed to respond.

Plaintiff has failed to complete his proper form process and Defendant has not been served. **It is recommended that this case be dismissed, without prejudice, for the failure of Plaintiff to comply with this Court's order and to properly prosecute his claims.** See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied

sub nom., Ballard v. Volunteers of Am., 493 U.S. 1084 (1990) (Magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning).

On May 2, 2014, Plaintiff filed a partially completed Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), which is construed as a Motion for Leave to Proceed in forma pauperis. See 28 U.S.C. § 1915. Plaintiff only partially completed question 2 on the form (he stated his wages, but failed to specify the pay period and failed to complete questions 4 through 8 concerning his assets and liabilities). Without the necessary information, the Court cannot conduct a meaningful review of Plaintiff's motion. Therefore, **it is recommended that Plaintiff's motion to proceed in forma pauperis (ECF No. 4) be denied without prejudice.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 5, 2014
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



3